1  Rafael Nendel-Flores, Esq., SBN: 223358
   Guillermo Tello, Esq., SBN: 277896
2  Yesi Lagunas, Esq., SBN: 316008
   **CLARK HILL LLP**
3  1055 West Seventh Street, Suite 2400
   Los Angeles, CA 90017
4  Telephone:  (213) 891-9100
   Facsimile:   (213) 488-1178
5  RNendelflores@ClarkHill.com
   GTello@ClarkHill.com
6  YLagunas@ClarkHill.com

7  Attorneys for Defendants
   SEAPORT SASH & DOOR, INC. and
8  ALEX HERRERA

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINO MASCIA,<br><br>            Plaintiff,<br><br>     vs.<br><br>SEAPORT SASH & DOOR, INC.; ALEX HERRERA; and DOES 1 to 50, inclusive,<br><br>            Defendants. | Case No. 8:21-CV-00890<br><br>**DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441(A)**<br><br>[28 U.S.C. § 1332(a) (Diversity Jurisdiction)]<br><br>*[Filed concurrently with Civil Cover Sheet; Certificate of Interested Parties; and Corporate Disclosure Statement]*<br><br>Action Filed:     March 22, 2021<br>Trial Date:        None Set |

1
DEFENDANTS' PETITION AND NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants SEAPORT SASH & DOOR, INC. ("Seaport") and ALEX HERRERA ("Herrera") (collectively, "Defendants") remove this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 on the grounds that: this Court has original jurisdiction over this action under 28 U.S.C. § 1331. The forgoing facts are true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds.

## I.   STATE COURT ACTION

1.   On or about March 22, 2021, GINO MASCIA ("Plaintiff") filed a complaint and demand for jury trial in this action against Defendants entitled "*GINO MASCIA V. SEAPORT SASH & DOOR, INC.; ALEX HERRERA; and DOES 1 to 50, Inclusive, Defendants,* in the Orange County Superior Court, Case Number 30-2021-01191046-CU-OE-CJC ("State Court Action").  On April 13, 2021, Plaintiff personally served Defendants with the Summons and Complaint.  These documents were the initial pleadings received by Defendants in this action.  True and correct copies of these documents are attached hereto as **Exhibit A**.

2.   The Complaint asserts the following causes of action against Seaport and Does 1 to 50 only: (1) Failure to Pay Minimum Wage Lab. Code §§ 1194, 1194.2; (2) Failure to Pay Overtime Wages in Violation of California Law – Lab. Code §§ 510(a), 1194(a); (4) Failure to Provide Accurate Wage Statements Law – Lab. Code § 226(a); (5) Failure to Pay Final Wages Law – Lab. Code § 203; and (6) Unfair Business Practices Law – Bus. & Prof. Code § 17200; and against all Defendants: (3) Failure to Pay Overtime Wages in Violation of FLSA – 29 U.S.C. §§207(a) & 216(b). [*See* **Exhibit A**, Complaint.]

3. On May 12, 2021, Defendants timely filed and served their Answer to Plaintiff's Complaint. A true and correct copy of Defendants' Answer to Plaintiff's Complaint is attached hereto as **Exhibit B**.

## II. REMOVAL IS TIMELY

4. According to 28 U.S.C. § 1446(b), removal based on original jurisdiction must occur within 30 days after service of the original pleading if federal question jurisdiction is demonstrated on the face of the pleading.

5. The filing of this removal is within 30 days of Defendants' receipt of the Summons and Complaint, and is thus timely under 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(d), Defendants will provide prompt written notice of this Notice of Removal to all adverse parties and to the Clerk of the Orange County Superior Court.

## III. REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

7. This is a civil action of which this Court has original jurisdiction under the provisions of United States Code, Title 28, section 1331, and is an action that may be removed to this Court by Defendants pursuant to United States Code, Title 28, section 1441(a) because Plaintiff's Complaint involves a claim that arises under the laws of the United States and is intertwined with, derived in whole, or in part from, the Federal Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.,* and or the regulations promulgated by the United States Department of Labor.

8. Specifically, Plaintiff's Third Cause of Action alleges that Defendants' actions were in violation of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. §§207(a) and 216(b). Plaintiff alleges that Herrera "exercised significant control" over Seaport's day-to-day operations and thus is "personally liable under the FLSA for failure to pay weekly overtime." (Complaint ¶ 10.) Plaintiff also alleges that Defendants "willfully failed to pay Plaintiff one and one-half times his regular rate of pay for all work in excess of 40 hours in one workweek." (Complaint ¶¶ 24-25.)

Plaintiff further alleges that Seaport "often employed him approximately nine to 12 hours per day, five to six days per week." (Complaint ¶ 11.) *See Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 976 (9th Cir. 2019) (holding that the court had federal question jurisdiction to hear exotic dancers' § 216(b) claims pursuant to 28 U.S.C § 1331.)

9. The Court may properly exercise supplemental jurisdiction over remaining Causes of Action pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy as the claim over which the Court has original jurisdiction. *See Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1100 (N.D. Cal. 2014) (denying plaintiff's motion to remand on the basis that the court could properly exercise supplemental jurisdiction on plaintiff's remaining state law claims as they all "derive from a common nucleus of operative fact.")

10. Moreover, it is well established that in determining whether federal jurisdiction exists, courts apply the "well-pleaded complaint" rule which provides that federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Cummings v. Cenergy International Services, LLC*, 258 F. Supp. 3d 1097, 1106 (E.D. Cal. 2017) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's Complaint seeks relief against Defendants' actions in violation of the FLSA.

11. Accordingly, this Court has jurisdiction as Plaintiff's Complaint invokes and/or alleges a claim that arises in whole or in part under the Constitution, laws, or treaties of the United States, namely, the FLSA, and federal regulations promulgated by the United States Department of Labor. Supplemental jurisdiction over the state law claims for alleged violations of California's wage-hour laws is also appropriate as they arise from the common nucleus of facts Plaintiff has pled in his Complaint.

## IV. SATISFACTION REQUIREMENTS OF 28 U.S.C. § 1446

12. In accordance with 28 U.S.C. §1446(a), this notice of removal is filed in the District Court of the United States in which the action is pending. The Superior

1. Court of California, County of Orange, is located within the Central District of California – Southern Division. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 114(a).

13. In accordance with 28 U.S.C. §1446(a), this notice of removal is accompanied **Exhibits A and B**, which are copies of all process and pleadings served upon Defendants.

14. In accordance with 28 U.S.C. §1446(b) and as detailed in paragraphs 4 through 6 *supra*, Defendants' Notice of Removal is timely.

15. In accordance with 28 U.S.C. §1446(d), Defendants will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, County of Orange.

## V.   CONCLUSION

16. Plaintiff's allegations and third cause of action against Defendants arise under the laws of the United States. Therefore, Defendants respectfully request that this Court exercise its original removal jurisdiction.

16. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants respectfully request that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: May 13, 2021

CLARK HILL LLP

By: */s/ Guillermo Tello*
   Rafael G. Nendel-Flores
   Guillermo Tello
   Yesi Lagunas
Attorneys for Defendants
SEAPORT SASH & DOOR, INC. and
ALEX HERRERA