- 6 -

# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 03/22/2021 08:00:00 AM.
30-2021-01191046-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SEAPORT SASH & DOOR, INC.; ALEX HERRERA; and DOES 1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GINO MASCIA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court
700 Civic Center Dr., Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*
30-2021-01191046-CU-OE-CJC

Judge Nancy E. Zeltzer

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ben Rothman, Esq.; 12575 Beatrice St., Los Angeles, CA 90066; (310) 717-0539.

DATE: 03/22/2021 DAVID H. YAMASAKI, Clerk of the Court    Clerk, by *H. McMaster*, Deputy
*(Fecha)*                                                    *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Hailey McMaster

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 4-13-21

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

- 7 -

Electronically Filed by Superior Court of California, County of Orange, 03/22/2021 08:00:00 AM.
30-2021-01191046-CU-OE-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Ben Rothman, Esq. (SBN 265472)<br>12575 Beatrice St.<br>Los Angeles, CA 90066<br>TELEPHONE NO.: (310) 717-0539   FAX NO. (Optional): (310) 919-3777<br>ATTORNEY FOR (Name): Plaintiff, Gino Mascia | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Dr.
MAILING ADDRESS: Same
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Mascia v. Seaport Sash & Door, Inc.

| CIVIL CASE COVER SHEET<br>[x] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>30-2021-01191046-CU-OE-CJC<br>JUDGE: Judge Nancy E. Zeltzer<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [x] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 6
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 21, 2021

Ben Rothman, Esq.
_____   ▶  _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**<br>- 8 - | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

Case 8:21-cv-00890-CJC-DFM Document 1-1 Filed 05/13/21 Page 4 of 11 Page ID #:9
Electronically Filed by Superior Court of California, County of Orange, 03/22/2021 08:00:00 AM.
30-2021-01191046-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

Ben Rothman, Esq. (SBN 265472)
**LAW OFFICE OF BEN ROTHMAN**
12575 Beatrice St.
Los Angeles, CA 90066
Tel:   (310) 717-0539
Fax:  (310) 919-3777
e-mail: ben@santamonicainjurylawyer.com

Attorney for Plaintiff,
GINO MASCIA

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

Assigned for All Purposes
Judge Nancy E. Zeltzer

| | |
|---|---|
| GINO MASCIA,<br><br>    Plaintiff,<br><br>v.<br><br>SEAPORT SASH & DOOR, INC.; ALEX HERRERA; and DOES 1 to 50, inclusive,<br><br>    Defendants. | Case No.: 30-2021-01191046-CU-OE-CJC<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Failure to Pay Minimum Wage<br><br>2. Failure to Pay Overtime Wages in Violation of California Law<br><br>3. Failure to Pay Overtime Wages in Violation of FLSA<br><br>4. Failure to Provide Accurate Wage Statement<br><br>5. Failure to Pay Final Wages<br><br>6. Unfair Business Practices |

COMPLAINT AND DEMAND FOR JURY TRIAL
1

## THE PARTIES

1. Plaintiff Gino Mascia is, and at all times relevant herein was, a citizen of the State of California and an individual residing in the County of Los Angeles, State of California.

2. Defendant Seaport Sash & Door, Inc. (hereinafter at times "Seaport Sash") is, and all times relevant herein was, a corporation incorporated in the State of California and doing business in the County of Orange, State of California.

3. Defendant Alex Herrera (hereinafter at times "Mr. Herrera") is, and all times relevant herein was, a citizen of the State of California and an individual residing and doing business in the County of Orange, State of California.

4. Plaintiff is ignorant of the true names and capacities of defendants Does 1 to 50 and therefore sues them by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities once Plaintiff ascertains them.

5. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Does 1 to 50 were agents, employees, partners, or joint venturers of the other defendants and acted within the course and scope of such agency, employment, partnership, or joint venture.

6. Plaintiff is informed and believes, and thereon alleges, that Does 1 to 50 are liable for the torts, wage and hour violations, and other wrongs that Plaintiff alleges herein and that such defendants proximately caused Plaintiff's injuries and damages.

## VENUE

7. Venue in the County of Orange is proper because that is where at least one defendant resides or does business.

## GENERAL ALLEGATIONS

8. Seaport Sash was a licensed general building contractor located in the City of Los Alamitos at all times herein. Seaport Sash sold and installed replacement windows and patio doors in residences throughout Southern California. Seaport Sash employed approximately 30 individuals at all times herein.

9. Plaintiff was one such individual. Mr. Herrera, Seaport Sash's sole officer and director, hired him in or around late June 2020 to work for Seaport Sash as a full-time painter.

1. Plaintiff's primary duties would be to travel to Seaport Sash customers' homes and drywall and paint their doors.

10. Mr. Herrera exercised significant control over Seaport Sash's day-to-day operations was thus personally liable under the Fair Labor Standards Act (FLSA) for failure to pay weekly overtime. He determined the frequency and rate of Plaintiff's pay, made his work schedule, supervised his work performance, and maintained his payroll and personnel records.

11. Seaport Sash employed Plaintiff in the shop in Los Alamitos and at customers' homes throughout Southern California. Seaport Sash frequently employed him over eight hours in one workday and over 40 hours in one workweek. Seaport Sash often employed him approximately nine to 12 hours per day, five to six days per week.

12. Seaport Sash failed to pay Plaintiff either the applicable California minimum wage rate (which was $13 per hour in 2020) or one and one-half times his regular rates of pay (which gradually decreased from $28.13 per hour to $27 per hour to $20 per hour) for all work in excess of eight hours in one workday or 40 hours in one workweek.

13. Seaport Sash knowingly and intentionally failed, either semimonthly or each time it paid Plaintiff's wages, to furnish him with wage statements that completely and accurately showed the number of hours that he worked each pay period. He could not promptly and readily determine such information from the wage statements alone and thus suffered injury.

14. Plaintiff notified Seaport Sash on or around December 30, 2020 of his intent to resign January 6, 2020. His earned but unpaid wages for straight time and overtime came due and payable immediately upon resignation. Seaport Sash willfully failed to pay him all such final wages immediately upon resignation, within 30 calendar days thereof, or at any other time.

### FIRST CAUSE OF ACTION
**Failure to Pay Minimum Wage – Lab. Code §§1194 & 1194.2**
**(Against Seaport Sash & Door, Inc. and Does 1 to 50 Only)**

15. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

///

16. Defendants employed Plaintiff by engaging him to work, suffering and permitting him to work, and/or exercising control over his wages, hours, and/or working conditions.

17. Defendants failed to pay Plaintiff the statewide minimum wage for all work in excess of eight hours in one workday or 40 hours in one workweek.

18. Wherefore, Plaintiff seeks all unpaid minimum wage compensation (plus interest) and liquidated damages equal thereto, plus reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of California Law – Lab. Code §§510(a) & 1194(a)**

**(Against Seaport Sash & Door, Inc. and Does 1 to 50 Only)**

19. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

20. Defendants employed Plaintiff by engaging him to work, suffering and permitting him to work, and/or exercising control over his wages, hours, and/or working conditions.

21. Defendants failed to pay Plaintiff one and one-half times his regular rate for all work in excess of eight hours in one workday or 40 hours in one workweek.

22. Wherefore, Plaintiff seeks all unpaid overtime wage compensation (plus interest), plus reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA – 29 U.S.C. §§207(a) & 216(b)**

**(Against All Defendants)**

23. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

24. Defendants employed Plaintiff by hiring and supervising him, determining his work schedule, and otherwise exercising significant control over day-to-day operations.

25. Defendants willfully failed to pay Plaintiff one and one-half times his regular rate for all work in excess of 40 hours in one workweek.

///

26. Wherefore, Plaintiff seeks all unpaid overtime wage compensation (plus interest) and liquidated damages equal thereto, plus reasonable attorney's fees and costs.

### FOURTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements – Lab. Code §226(a)

### (Against Seaport Sash & Door, Inc. and Does 1 to 50 Only)

27. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

28. Defendants employed Plaintiff by engaging him to work, suffering and permitting him to work, and/or exercising control over his wages, hours, and/or working conditions.

29. Defendants failed to furnish Plaintiff with wage statements that accurately and completely showed all hours worked and other legally required information.

30. Defendants' failure to furnish Plaintiff with accurate and complete wage statements was knowing and intentional.

31. Plaintiff could not promptly and easily determine his hours worked and other legally information from his wage statements alone.

32. Defendants' knowing and intentional failure to provide Plaintiff with accurate and complete wage statements injured him.

33. Wherefore, Plaintiff seeks actual damages or statutory penalties of up to $4,000 (whichever is greater), plus costs and reasonable attorney's fees.

### FIFTH CAUSE OF ACTION

### Failure to Pay Final Wages – Lab. Code §203

### (Against Seaport Sash & Door, Inc. and Does 1 to 50 Only)

34. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

35. Defendants willfully failed to pay Plaintiff all earned but unpaid wages for straight time and overtime upon termination.

36. Wherefore, Plaintiff seeks "waiting time" penalties equal to his daily rate of pay for each day that Defendants willfully failed to pay him all final wages, up to 30 days.

COMPLAINT AND DEMAND FOR JURY TRIAL
5

## SIXTH CAUSE OF ACTION

### Unfair Business Practices – Bus. & Prof. Code §17200

### (Against Seaport Sash & Door, Inc. and Does 1 to 50 Only)

37. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

38. Defendants committed the following unfair, unlawful, and/or fraudulent business acts and practices:

    a. Defendants violated the FLSA by willfully failing to pay Plaintiff weekly overtime wages.

    b. Defendants violated Labor Code sections 510 and 1194(a) by failing to pay Plaintiff daily and weekly overtime wages.

    c. Defendants violated Labor Code sections 1182.12, 1194(a), and 1194.2(a) by failing to pay Plaintiff minimum wage.

39. Defendants enriched themselves at Plaintiff's expense by committing the aforementioned unfair, unlawful, and/or fraudulent business acts and practices.

40. Wherefore, Plaintiff seeks restitution, a declaratory judgment, and injunctive relief to stop Defendants' unfair, unlawful, and/or fraudulent business acts and practices.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**As to the First Cause of Action (Against Seaport Sash & Door, Inc. and Does 1 to 50 Only)**

1. For no less than $5,000 in unpaid minimum wages and interest thereon. (Lab. Code §1194(a).)

2. For no less than $5,000 in liquidated damages (Lab. Code §1194.2(a).)

3. For reasonable attorney's fees and costs. (Lab. Code §1194(a).)

4. For interest at the maximum legal rate of 10% per annum. (Lab. Code §218.6.)

**As to the Second Cause of Action (Against Seaport Sash & Door, Inc. and Does 1 to 50 Only)**

5. For no less than $10,000 in unpaid overtime wages and interest thereon. (Lab. Code §1194(a).)

6. For reasonable attorney's fees and costs. (Lab. Code §1194(a).)

7. For interest at the maximum legal rate of 10% per annum. (Lab. Code §218.6.)

**As to the Third Cause of Action (Against All Defendants)**

8. For no less than $10,000 in unpaid weekly overtime wages. (29 U.S.C. §207(a).)

9. For no less than $10,000 in liquidated damages. (29 U.S.C. §216(b).)

10. For reasonable attorney's fees and costs. (29 U.S.C. §216(b).)

**As to the Fourth Cause of Action (Against Seaport Sash & Door, Inc. and Does 1 to 50 Only)**

11. For no less than $4,000 in actual damages. (Lab. Code §226(e)(1).)

12. For no less than $4,000 in penalties, i.e., penalties of no less than $50 for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period. (Lab. Code §226(e)(1).)

13. For preliminary and permanent injunctive relief. (Lab. Code §226(h).)

14. For reasonable attorney's fees and costs. (Lab. Code §226(e)(1).)

**As to the Fifth Cause of Action (Against Seaport Sash & Door, Inc. and Does 1 to 50 Only)**

15. For no less than $7,500 in waiting-time penalties, i.e., penalties equal to Plaintiff's daily rate of pay of $250 per day for 30 calendar days. (Lab. Code §203(a).)

**As to the Sixth Cause of Action (Against Seaport Sash & Door, Inc. and Does 1 to 50 Only)**

16. For no less than $15,000 in restitution. (Bus. & Prof. Code §17203.)

17. For a declaratory judgment. (Bus. & Prof. Code §17203.)

18. For preliminary and permanent injunctive relief. (Bus. & Prof. Code §17203.)

**As to All Causes of Action (Against All Defendants)**

19. For costs of suit.

20. For pre-judgment interest to the maximum extent that the law allows.

21. For such other and further relief as the Court may deem proper.

Date: March 21, 2021                    **LAW OFFICE OF BEN ROTHMAN**

*/s/ Ben Rothman/*
Ben Rothman, Esq.
Attorney for Plaintiff,
GINO MASCIA

**COMPLAINT AND DEMAND FOR JURY TRIAL**
7

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Date: March 21, 2021

**LAW OFFICE OF BEN ROTHMAN**

*[signature]*

Ben Rothman, Esq.
Attorney for Plaintiff,
GINO MASCIA