1 | Rafael Nendel-Flores, Esq. SBN: 223358
Guillermo Tello, Esq. SBN: 277896
2 | Yesi Lagunas, Esq. SBN 316008
**CLARK HILL LLP**
3 | 1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
4 | Telephone: (213) 891-9100
Facsimile: (213) 488-1178
5 | rnendelflores@clarkhill.com
gtello@clarkhill.com
6 | ylagunas@clarkhill.com

7 | Attorneys for Defendant,
SEAPORT SASH & DOOR, INC. and
8 | ALEX HERRERA

9 | Ben Rothman, Esq. SBN 265472
**LAW OFFICES OF BEN ROTHMAN**
10 | 10100 Venice Blvd.,
Culver City, CA 90232
11 | Telephone: (310) 717-0539
Facsimile: (310) 919-3777
12 | ben@santamonicainjurylawyer.com

13 | Attorney for Plaintiff,
GINO MASCIA

14 |

15 | **UNITED STATES DISTRICT COURT**

16 | **CENTRAL DISTRICT OF CALIFORNIA**

17 |

18 | GINO MASCIA, | Case No. 8:21-CV-00890

19 | Plaintiff, | *District Judge: Cormac J. Carney*

20 | vs. | *Magistrate Judge: Hon. Douglas F. McCormick*

21 | SEAPORT SASH & DOOR, INC.; ALEX HERRERA; and DOES 1 to 50, inclusive, | **NOTICE OF SETTLEMENT AND JOINT STIPULATION AND REQUEST FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS; [PROPOSED] ORDER**

22 |

23 | Defendants. |

24 |

25 | | Action Filed: March 22, 2021
Trial Date: November 8, 2022

26 |

27 |

28 |

1          Case No. 8:21-CV-00890
NOTICE OF SETTLEMENT AND JOINT STIPULATION AND REQUEST FOR
DISMISSAL WITH PREJUDICE OF ALL CLAIMS; [PROPOSED] ORDER

# NOTICE OF SETTLEMENT

PLEASE TAKE NOTICE that Plaintiff GINO MASCIA ("Plaintiff") and Defendants SEAPORT SASH & DOOR, INC. and ALEX HERRERA ("Defendants") (collectively, "the Parties") have reached a settlement in the above-entitled action.  A formal settlement agreement and general release has been negotiated and executed by, and among, the Parties.  Upon the Parties settlement of this entire action, the Parties hereby submit this Joint Stipulation for Approval of Settlement and Motion for Dismissal with Prejudice.

## JOINT STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT AND MOTION FOR DISMISSAL WITH PREJUDICE

Plaintiff and Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), hereby and through their respective counsel, request that the Court approve the Settlement Agreement and Release (the "Agreement") and dismiss with prejudice the entire action.

### A.    Court Approval of the Proposed Settlement of Fair Labor Standards Act Claim is Proper.

Plaintiff's Complaint, in its Third Cause of Action, asserts a claim under the Fair Labor Standards Act for alleged Failure to Pay Overtime Wages as required by 29 U.S.C. §§ 207(a) and 216(b). Public policy strongly favors the settlement of disputes. Still, Rule of Civil Procedure 41(a)(a)(A)(ii) requires the approval of the district court or of the Department of Labor for stipulated dismissals settling Fair Labor Standards Act ("FLSA") claims with prejudice. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2nd Cir. 2015).  As such, the Parties seek this Court's approval.

### B.    Court Approval of the Settlement Agreement and Release Is Proper.

The Court need only determine that a "settlement reflects a reasonable compromise over issues that are actually in dispute," in order to approve a settlement

NOTICE OF  SETTLEMENT AND JOINT STIPULATION AND REQUEST FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS; [PROPOSED] ORDER

of FLSA claims. *McKeen-Chaplin v. Franklin Am. Mortg. Co., No. C*. 10-5243 SBA, 2012 WL 6629608, *2 (N.D. Cal. Dec. 19, 2012). This standard is specifically designed to "promote the policy of encouraging settlement of litigation." *Id*. A settlement may be approved if, under the totality of the circumstances, the settlement's overall effect vindicates, rather than frustrates, the purposes of the FLSA. See, *Dees v. Hydradry, Inc*., 706 F.Supp.2d 1227, 1247 (M.D. Fla. 2010) (explaining that "the district court should not become complicit in any scheme or mechanism designed to confine or frustrate…realization of FLSA rights.").

As discussed in detail herein, Plaintiff's FLSA claim is individual in nature, not class or collective, and was disputed by Defendants from the outset. As such, the terms of the Agreement reached by the Parties after conducting independent investigations and discovery into the merits of, or lack thereof, Plaintiff's claims, is indeed a reasonable compromise of all the issues "actually in dispute." *McKeen-Chaplin*, *supra*.

**C.** **Procedural History**

1. On March 22, 2021, Plaintiff filed his Complaint against Defendants, titled *Gino Mascia v. Seaport Sash & Door, Inc., et al.,* Case No. 30-2021-01191046-CU-OE-CJC in the Orange County Superior Court, seeking damages for (1) Failure to Pay Minimum Wage; (2) Failure to Pay Overtime Wages in Violation of California Law; (3) Failure to Pay Overtime Wages in Violation of FLSA; (4) Failure to Provide Accurate Wage Statements; (5) Failure to Pay Final Wages; and (6) Unfair Business Practices.

2. On May 12, 2021, Defendants answered the Complaint in the Orange County Superior Court and therein denied all claims and allegations and asserted special and affirmative defenses to all claims and allegations.

3. On May 13, 2021 Defendants removed this matter to federal court on the basis of federal question jurisdiction, and Plaintiff did not object. On May 27, 2021, the Orange County Superior Court vacated the state case.

NOTICE OF  SETTLEMENT AND JOINT STIPULATION AND REQUEST FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS; [PROPOSED] ORDER

4.      As of  May 13, 2021, the matter is under the jurisdiction of the United States District Court Central District Court of California before Honorable Cormac J. Carney and Magistrate Judge Douglas F. McCormick

6.      The Parties exchanged extensive documentation before and during litigation.  Counsel for the Parties have also discussed the merits of Plaintiff's claims and Defendants' defenses at length.

7.      On August 13, 2021 after three months of settlement discussions, the Parties reached an agreement to settle this matter.

**D.      The Parties Request To Dismiss The Entire Action With Prejudice.**

Plaintiff initially brought this Complaint against Defendants, alleging wage and hour causes of action, including an action under the FLSA.  With regards to the FLSA claim, Plaintiff alleged that, while Defendant employed him as a painter, Defendant failed to pay him overtime wages.  Plaintiff alleged that as a result,  he was entitled to overtime pay with interest, liquidated damages, costs and attorney's fees.

The Parties have entered into the Agreement to resolve all claims asserted in this matter.  The Parties and their counsel recognize and acknowledge the expense of continued lengthy proceedings to prosecute and defend this action, the uncertainty and risk of any litigation, as well as the difficulties and delays inherent in such litigation.

In support of the request for approval of the Agreement, Plaintiff's counsel submits that he and Plaintiff are satisfied that Plaintiff will be reasonably compensated under the terms of the Agreement for all causes of action asserted against Defendants. Additionally, Plaintiff's counsel acknowledge that: (a) Plaintiff fully understand the Agreement; (b) the Agreement specifically applies to a knowing and voluntary release of the relevant and specified rights and claims Plaintiff may have against Defendants; and (c) Plaintiff consulted with his counsel before signing the Agreement and has entered into it knowingly and voluntarily.  A copy of the Agreement is attached as Exhibit A.

E.     **Conclusion**

The Parties agree that the terms reflected in the Agreement are mutually satisfactory and represent an adequate, fair, and reasonable resolution of this lawsuit. The Parties therefore respectfully request the Court approve the Agreement and dismiss this entire action with prejudice.

DATED:          October 13, 2021               CLARK HILL LLP

By: _____
     Rafael G. Nendel-Flores
     Guillermo Tello
     Yesi Lagunas
     Attorneys for Defendant,
     SEAPORT SASH & DOOR, INC. and
     ALEX HERRERA

DATED:  September 15 , 2021               LAW OFFICE OF BEN ROTHMAN

By: _____
     Ben Rothman
     Attorney for Plaintiff,
     GINO MASCIA

NOTICE OF  SETTLEMENT AND JOINT STIPULATION AND REQUEST FOR
DISMISSAL WITH PREJUDICE OF ALL CLAIMS; [PROPOSED] ORDER